[No. 10,471.]

## Ex parte HUNG SIN alias AH FONG CHI.

Bail.—A prisoner arrested for felony must, in order to procure bail, be taken before the magistrate who issued the warrant, or some other magistrate in the same county.

Application to be admitted to bail on writ of *habeas corpus.*

The facts are stated in the opinion.

*Davis Louderback*, for Petitioner.

In bank, Thornton, J.:

The prisoner was arrested in the City and County of San Francisco, on a warrant issued by a Justice of the Peace of the County of Sacramento, upon a charge of grand larceny; and is now in the custody of the arresting officer, whose duty it is to take her before the magistrate who issued the warrant, or some magistrate of the same county, without any unnecessary delay.

Statement of Facts.

We have examined the clauses of the Constitution of this State, (in sec. 6, art. 1, and sec. 4, art. 6) and the sections of the Penal Code (§§ 811, 818, 819, 821, 822, 824, 931, 936, 943, 981, 982, 1268, 1271, 1273, 1490, 1491, 1492) referred to on the argument, and are all of opinion, the charge being a felony, that in order to procure bail under the Constitution and statutes referred to, the prisoner should be taken before the magistrate by whom the warrant was issued, or some magistrate of the County of Sacramento.  (Penal Code, § 821.)

It follows from the above that the application to this Court to be admitted to bail must be denied, and the prisoner is remanded to the custody of the arresting officer.

MORRISON, C. J., MYRICK, J., McKINSTRY, J., ROSS, J., SHARPSTEIN, J., and McKEE, J., concurred.